JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY SILBERSTEIN and SILBERSTEIN & SILBERSTEIN, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FOX ENTERTAINMENT GROUP, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; BLUE SKY STUDIOS, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 15-9276-R<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint, which was filed on December 22, 2015. (Dkt. No. 11).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what

the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal,* 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.*

Plaintiffs' Complaint alleges the following four claims for relief: (1) Trademark Infringement Under 15 U.S.C. § 1114; (2) Contributory Trademark Infringement in Violation of 15 U.S.C. § 1114; (3) Vicarious Trademark Infringement in Violation of 15 U.S.C. § 1114; and (4) Unfair Competition Under California Business and Professions Code § 17200. All claims are based on Defendants' alleged trademark infringement of Plaintiffs' trademark rights in a half-squirrel, half-rat character named "Sqrat."

Defendants argue that Plaintiffs are collaterally estopped from bringing these claims because the same issues were decided in 2004 when Plaintiff Silberstein brought a law suit as to her trademark rights to "Sqrat" in the Southern District of New York ("New York Action"). Collateral estoppel "precludes relitigation of issues argued and decided in prior proceedings." *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003) (citation omitted). "Collateral estoppel applies if: (1) the issue necessarily decided at a previous proceeding is identical to that which is sought to be relitigated; (2) the issue was actually litigated and decided; (3) the previous trial resulted in a final judgment on the merits; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial." *Lockett v. Ericson*, 656 F.3d 892, 897–98 (9th Cir. 2011); *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138, 1145 (1999); *Leader v. State*, 182 Cal. App. 3d 1079 (1986).

Collateral estoppel first requires that "the issue . . . necessarily decided at the previous proceeding [be] identical to the one which is sought to be relitigated." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 649 F.3d 1067, 1070 (9th Cir. 2011). The "use in commerce" requirement is a threshold for trademark infringement claims under the Lanham Act. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012). The Lanham Act "requires a mark to have been used in commerce before a protectible ownership interest in the mark arises," and the Ninth Circuit has held that "[t]o prevail on a claim of trademark infringement under the Lanham

1   Act, 15 U.S.C. § 1114, a party must prove . . . that it has a protectible ownership interest in the
2   mark . . . ." *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F. 3d 1118, 1124-25 (9th
3   Cir. 2006) (internal quotation marks omitted).  Because the right to exclude others from use of the
4   mark comes not from registration, but from priority of use, it is inconsequential to a collateral
5   estoppel determination that Plaintiffs subsequently registered the "Sqrat" mark.  *See S. Cal. Darts*
6   *Ass'n v. Zaffina*, 762 F.3d 921, 930 (9th Cir. 2014).

7   Plaintiffs' argument that the Ninth Circuit and Second Circuit apply the "use in commerce"
8   standard differently is unavailing.  "[I]f federal law provides a single standard, parties cannot
9   escape preclusion simply by litigating anew in tribunals that apply that one standard differently."
10  *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1307 (2015) (holding that the
11  Trademark Trial and Appeal Board (TTAB) and the Eighth Circuit's "[m]inor variations in
12  application" of the "likelihood of confusion" standard did not defeat preclusion).  The "use in
13  commerce" issue is identical.

14  Collateral estoppel next requires that the claim at issue be actually litigated and necessarily
15  decided.  "The determination of an issue on a motion for judgment on the pleadings or a motion
16  for summary judgment is sufficient to satisfy the 'litigated' requirement for collateral estoppel."
17  *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 912 (9th Cir. 1997).  The district court in
18  the New York Action granted Defendants' summary judgment motion, holding that Plaintiff
19  Silberman's mere advertising and promotion of the "Sqrat" mark was not enough to constitute
20  "use" of the mark "in commerce."  *See Silberstein v. Fox Entm't Grp., Inc.*, 424 F. Supp. 2d 616,
21  633 (S.D.N.Y. 2004).

22  In determining finality, courts look to various factors, including "(1) whether the decision
23  was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court
24  supported its decision with a reasoned opinion; and (4) whether the decision was subject to an
25  appeal."  *Pellerin v. Nevada Cnty.*, 2015 WL 3982530, at *2 (9th Cir. July 1, 2015) (quoting
26  *Schmidlin v. City of Palo Alto*, 157 Cal. App. 4th 728, 774–75 (2007)) (citation omitted).  Here, all
27  of the above factors favor finality.  The parties fully litigated Defendants' summary judgment
28  motion, which was granted by the district court judge.  Plaintiff thereafter had the opportunity to

1 exercise his right to appeal that adverse ruling, and did so. The Second Circuit upheld the district
2 court's opinion. *See Silberstein v. John Does 1-10*, 242 F. App'x 720 (2d Cir. 2007). The
3 determination in the New York Action is thus sufficiently final for collateral estoppel purposes.

4 As to the fourth and final collateral estoppel requirement, "[p]rivity exists when there is
5 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *In
6 re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). Plaintiff Silberstein was a plaintiff in the
7 New York Action. Plaintiff Silberstein & Silberstein, LLC succeeded Silberstein in the alleged
8 "Sqrat" mark and, therefore, is in privity with Silberstein. Plaintiffs do not contest that privity
9 exists.

10 Plaintiffs argue that Defendants should be collaterally estopped from contesting Plaintiffs'
11 priority of use in the "Sqrat" trademark because Defendants opposed Plaintiffs' ownership rights
12 in a prior TTAB proceeding, and Defendants' opposition was dismissed with prejudice. Plaintiffs'
13 contentions are belied by their own assertions in the same TTAB proceeding – Plaintiffs
14 specifically argued that the TTAB proceeding concerned Plaintiffs' bona fide intent to use the
15 mark in commerce, while the district court's finding in the New York Action had to do with
16 whether Plaintiffs had used the mark in commerce. As the current proceeding concerns use of the
17 mark in commerce, not a bona fide intent to use the mark in commerce, Defendants are not
18 collaterally estopped from bringing this motion.

19 As Plaintiffs are collaterally estopped from bringing any of their claims involving
20 trademark ownership, the Court finds that amendment would be futile. *See Lipton v. Pathogenesis*
21 *Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was
22 no need to prolong the litigation by permitting further amendment.").

23 As such, this Court DISMISSES without leave to amend Plaintiffs' claims under Federal
24 Rule of Civil Procedure 12(b)(6).

25 / / / / / / /
26 / / / / / / /
27 / / / / / / /
28 / / / / / / /

4

1   **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED with
2   prejudice.  (Dkt. No. 11).
3   Dated: February 1, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

5